FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

STATE FARM FIRE & CASUALTY
COMPANY,

     Plaintiff Counterclaim Defendant -
Appellee,

v.

DAVID E. WEBB; NICHOLAS T.
WEBB, as trustee of the Spirit Mtn Trust
dated April 5, 2007, and individually,

     Defendant Counter Plaintiffs -
Appellants,

and

PARK ESTATES HOMEOWNERS
ASSOCIATION, INC.; ROBIN
GREGORY,

     Defendants.

No. 24-1096
(D.C. No. 1:18-CV-02722-DDD-KAS)
(D. Colo.)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

State Farm Fire and Casualty Company filed this insurance coverage action seeking a judicial determination that it had no duty to provide a defense and indemnify David Webb. and Nicholas Webb, individually and as trustee for the Spirit Mountain Trust (Appellants), for counterclaims asserted against them in an underlying state-court action involving them, a neighbor, and their homeowners' association (HOA).  The district court granted summary judgment for State Farm. Appellants appeal.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

This coverage action involves the scope of coverage under three insurance policies issued by State Farm.  The first was a liability policy issued to the HOA under which State Farm agreed to defend and indemnify the HOA, including the HOA's officers, directors, and volunteers, for loss and defense costs for any act or breach of duty by the HOA or the individual insureds in the discharge of their duties in their capacity as an individual insured.  The second policy was a businessowners policy issued to the HOA that covered damages caused by HOA employees, officers, and volunteers, but only when performing their official duties or duties related to the HOA's business.  The third policy was a homeowners policy for the Webb property, which covered damages resulting from bodily injury or property damage, but excluded damage caused by willful and malicious acts.

---

[1] Because Appellants represent themselves, we liberally construe their filings, but we do not act as their advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## A. The Underlying State-Court Action

David Webb filed the underlying action in Colorado state court against his neighbor, Robin Gregory, and the HOA. Gregory brought various counterclaims against the HOA and David Webb, and third-party claims against Nicholas Webb and the Trust. As pertinent here, the counterclaims alleged David Webb improperly blocked access to a roadway located inside an easement owned by the HOA that abuts and crosses the properties separately owned by the Trust and Gregory. The first of those counterclaims alleged that David Webb, as a director of and volunteer road inspector for the HOA, breached a fiduciary duty he owed to all HOA members, including Gregory. The other counterclaims asserted causes of action against one or more of the counterclaim-defendants for trespass, nuisance, breach of contract, declaratory judgment, and permanent injunction.

After receiving notice of the counterclaims, State Farm advised Appellants it would not provide a defense for them under either the homeowners policy or the businessowners policy because Gregory's allegations did not trigger coverage under those policies. However, based on the fiduciary-duty counterclaim against David Webb in his capacity as a director of the HOA, State Farm retained counsel to defend him pursuant to the terms of the HOA liability policy. State Farm reserved its right to withdraw from the defense if Gregory dismissed the fiduciary-duty claim.

While represented by counsel retained by State Farm, David Webb filed a pro se answer to the counterclaims. Soon thereafter, Gregory dismissed the fiduciary-duty counterclaim pursuant to Colorado Rule of Civil Procedure

3

41(a)(1)(A), which allows a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party files an answer or summary judgment motion. Appellants did not object to the notice of voluntary dismissal. About a week later, David Webb, through counsel, moved to substitute his pro se answer with an answer signed by counsel. The court granted the motion and ordered that the previously filed pro se answer was deemed withdrawn. With respect to the fiduciary-duty counterclaim, the substituted answer stated "The First Counterclaim has been withdrawn. Accordingly, no response is required." R., vol. 2 at 358.

Pursuant to its reservation of rights, State Farm denied coverage and withdrew its defense after Gregory dismissed the fiduciary-duty counterclaim. The attorney it had retained withdrew after filing the substituted answer.

Almost two years after Gregory dismissed the fiduciary-duty counterclaim, the HOA moved to exclude evidence of insurance coverage relevant to that counterclaim and David Webb, now pro se, filed a combined response to that motion and "motion for clarity on the dismissal of" the fiduciary-duty counterclaim. *Id.* at 364 (bolding and capitalization omitted). He argued that because he had filed his pro se answer to the counterclaims before Gregory dismissed the fiduciary-duty counterclaim, the dismissal was improper under Colorado Rule 41(a) and the claim remained a live issue. The state trial court characterized the motion as asking the court to "clarify that the original claim for breach of fiduciary duty is still at issue," and denied the motion, ruling that the claim had been dismissed at the pleadings stage and "is not at issue" in the case. *Id.* at 378. The court explained that Gregory withdrew the claim

4

before the substituted answer was filed and the pro se answer was withdrawn, that the substituted answer acknowledged the claim had been withdrawn, and that "it was everybody's understanding" that the claim had been withdrawn, *id.* at 379.

After a bench trial, the state trial court entered judgment for Gregory. In an order of judgment, it reiterated that "[t]he breach of fiduciary duty claim was dismissed prior to trial." *Id.* at 382. It held that David and Nicholas Webb, on behalf of the Trust, intentionally obstructed the easement and engaged in other misconduct designed to prevent Gregory from using the easement and roadway. The court further found their actions were not authorized by the HOA or taken within David Webb's authority as a "road liaison" for the HOA. *Id.* at 385-86. Appellants appealed the judgment but did not challenge the validity of the dismissal of the fiduciary-duty counterclaim. The Colorado Court of Appeals affirmed the judgment.

## B. The Federal Coverage Action

David Webb disputed State Farm's position that there was no coverage under the three policies, so State Farm filed the federal coverage action seeking a determination that none of the policies required it to defend or indemnify any of the Appellants with respect to the claims and judgments in the underlying action, either because the policies did not afford coverage or because coverage was expressly excluded. Appellants counterclaimed, asserting several theories of relief, all of which depended on State Farm owing them duties to defend and indemnify triggered by Gregory's fiduciary-duty counterclaim against David Webb.

5

The parties filed cross-motions for summary judgment. State Farm argued that the fiduciary-duty counterclaim was the sole basis for its duty to defend, and that after Gregory dismissed that counterclaim, the policies provided no duty to defend or indemnify. Appellants argued that the counterclaim had not been dismissed because the voluntary dismissal was ineffective without a court order. They did not argue any other basis for concluding State Farm had a duty to defend or indemnify them.

The district court granted State Farm's motion. It concluded that the policies did not cover Nicholas Webb or the Trust against liability for any of Gregory's state-court claims. As for David Webb, the court held that the state court had dismissed the fiduciary-duty counterclaim and that issue preclusion barred Appellants from relitigating that issue in the federal action.

## II.     STANDARD OF REVIEW

A court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because this is a diversity case, Colorado law governs the substantive legal issues, but federal law governs the standard for granting summary judgment. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1076 (10th Cir. 2007). We review de novo the district court's grant of State Farm's motion for summary judgment based on issue preclusion. *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1207 (10th Cir. 2001).

### III.   <u>DISCUSSION</u>

To determine the preclusive effect of a state court judgment in a subsequent federal lawsuit, we use the preclusion law of the state in which the prior judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).[2]  Under Colorado law, issue preclusion, or collateral estoppel, "bars relitigation of a legal or factual matter already decided in a prior proceeding." *In re Tonko*, 154 P.3d 397, 405 (Colo. 2007).  It applies when (1) the issue sought to be precluded in the current litigation "is identical to an issue actually and necessarily determined in a prior proceeding"; (2) the party opposing preclusion was "a party to or is in privity with a party to the prior proceeding"; (3) "there was a final judgment on the merits in the prior proceeding"; and (4) the party against whom preclusion is asserted "had a full and fair opportunity to litigate the issue in the prior proceeding." *Id.*  We have no trouble concluding that these requirements are all met.

First, the decisive issue in this action—whether the fiduciary-duty counterclaim was dismissed in the underlying state-court action—is identical to an issue the state trial court actually and necessarily decided in the prior proceeding. Specifically, in his "motion for clarity" David Webb argued that the voluntary dismissal of that counterclaim was ineffective and asked the court to conclude that

---

[2] The district court applied federal issue preclusion principles, but that does not affect our analysis because federal and Colorado law define issue preclusion similarly, and "the issue preclusion jurisprudence for each share the same four elements." *Boulter v. Noble Energy Inc.*, 74 F.4th 1285, 1289 (10th Cir. 2023) (declining to decide whether federal or Colorado preclusion law applied "because the outcome under either is the same").

the claim was still at issue. The state trial court rejected his argument and held that the claim had been dismissed at the pleadings stage and was no longer at issue. This issue was also *necessarily* resolved, because if the counterclaim had remained pending, the state trial court could not have entered judgment, and appellants could not have appealed. *See E. Cherry Creek Valley Water & Sanitation Dist. v. Greeley Irrigation Co.*, 348 P.3d 434, 439 (Colo. 2015) ("[T]he trial court's final judgment must resolve all claims for relief in a case before a party can bring an appeal.").

Contrary to Appellants' contention, the fact that other claims and issues in the two actions were different does not prevent application of issue preclusion to the question whether the fiduciary-duty counterclaim was dismissed. For issue preclusion to apply, the issue sought to be precluded must be identical, but the claims and other issues involved in the two proceedings need not be the same. *See Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 506 (Colo. App. 2009) (holding that issue preclusion "may apply to claims for relief different from those litigated in the first action," and when "two proceedings present different legal issues, but nevertheless involve the same underlying factual issue"); *McLane W., Inc. v. Dep't of Revenue*, 199 P.3d 752, 757 (Colo. App. 2008) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment . . . the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (quoting Restatement (Second) of Judgments § 27 (1982)).

As for the second element, Appellants do not dispute that they were parties to the underlying state-court action. They argue, however, that issue preclusion cannot

8

apply because State Farm was not a party to that proceeding. This argument is based on a misunderstanding of the requirements for issue preclusion. Unlike claim preclusion, which requires identity or privity between all parties to both actions, issue preclusion requires only that the party *opposing* preclusion was a party or in privity with a party in the prior proceeding. *See Foster v. Plock*, 394 P.3d 1119, 1123 (Colo. 2017). The party *asserting* issue preclusion need not have been a party to the prior proceeding for issue preclusion to apply. *See id.* at 1123-24 (recognizing that mutuality is not required for defensive issue preclusion). Because Appellants—the parties opposing issue preclusion—were parties to the prior action, the second element is met.

The third element—that there was a final judgment on the merits in the prior proceeding—is also satisfied. A judgment is final when it ends an action "leaving nothing further for the court to do in order to completely determine the rights of the parties involved in the proceeding." *Natural Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist.*, 142 P.3d 1265, 1282 (Colo. 2006) (internal quotation marks omitted). The state trial court's determination that the fiduciary-duty counterclaim had been dismissed became final when the court entered judgment on the remaining claims.[3] Appellants appealed that judgment to the Colorado Court of

---

[3] Contrary to Appellants' assertion, the state trial court's determination that the fiduciary-duty counterclaim was validly dismissed is not an interlocutory order. Once final judgment was entered in the case, all of the prior interlocutory orders (including the order that the counterclaim had been dismissed) merged into the judgment and became final. *See Mulberry Frontage Metro. Dist. v. Sunstate Equip. Co., LLC*, 537 P.3d 391, 395 (Colo. App. 2023).

Appeals, but, for whatever reason, they chose not to challenge that determination. The appeals court affirmed the judgment, making the trial court's ruling on the dismissal issue final.

We are not persuaded otherwise by Appellants' argument that issue preclusion cannot apply due to the "absence of a final judgment from the state court specifying State Farm's obligations regarding the dismissed claim." Aplt. Opening Br. at 8. Because the fiduciary-duty counterclaim was dismissed at the pleading stage, the state trial court did not need to decide the scope of State Farm's obligations regarding that claim. More to the point, the issue on which State Farm sought preclusion was whether the fiduciary-duty counterclaim was dismissed in the underlying action, not whether State Farm had any obligations to Appellants regarding that claim before it was dismissed. The district court held only that Appellants were precluded from relitigating the dismissal issue—it did not hold that any other issues, including coverage issues, were subject to preclusion. True, the court's preclusion determination was dispositive of Appellants' claims in the coverage action, but not because other aspects of their claims were precluded by the state-court judgment. Instead, their coverage-action claims failed because they were tethered to their theory that the fiduciary-duty counterclaim was never dismissed—they could have made arguments that did not depend on that theory, and nothing in the district court's preclusion ruling prevented them from doing so.

Appellants also attack the judgment in the underlying action on the ground that the state trial court lacked subject-matter jurisdiction over that case and/or personal

10

jurisdiction over some of the parties. Colorado trial courts are courts of general jurisdiction and may exercise jurisdiction over non-residents within the limitations of the state's long-arm statute and the due process clause. *See Clean Energy Collective LLC v. Borrego Solar Sys., Inc.*, 394 P.3d 1114, 1117 (Colo. 2017). Appellants have not developed any argument showing the state court exceeded those limits. As to their reference to federal diversity jurisdiction, 28 U.S.C. § 1332 concerns a federal court's "competence to adjudicate a particular category of cases." *Nelson v. Encompass PAHS Rehab. Hosp., LLC*, 522 P.3d 707, 712 (Colo. 2023) (internal quotation marks omitted). It does not limit a state court's jurisdiction.

The fourth issue-preclusion element requires that the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. In determining whether this requirement is met here, we ask (1) whether the prior proceeding "was so inadequate or so narrow in focus" that application of issue preclusion would deprive Appellants of their right to due process; and (2) whether they had sufficient incentive in the prior proceeding "to litigate [the issue] vigorously." *Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 87 (Colo. 1999). The answer to both questions is yes.

Appellants do not dispute that the remedies and procedures in the state-court proceeding satisfied the basic requirements of due process, including adherence to the civil rules, a neutral and impartial judicial officer, an adversarial process with discovery and trial rights, and a full and fair right to an appeal. *See Crocog Co. v. Reeves*, 992 F.2d 267, 270 (10th Cir. 1993) (concluding that Colorado state courts

11

provided the party opposing claim preclusion with a full and fair opportunity to litigate its claims). And Appellants had considerable incentive to litigate the issue of whether the fiduciary-duty counterclaim had been dismissed because that counterclaim alone had prompted State Farm to defend under a reservation of rights. Although they did not oppose the dismissal initially, they litigated the issue later in their "motion for clarity," arguing that David Webb's pro se answer rendered the voluntary dismissal ineffective.[4] They also had an opportunity to raise the issue on appeal, but chose not to do so.

Because all four issue-preclusion elements are satisfied, we uphold the district court's determination that Appellants are precluded from relitigating whether the fiduciary-duty counterclaim was dismissed in the underlying action. Based on that preclusion determination, we also uphold the district court's grant of summary judgment for State Farm. Appellants did not present any basis for coverage in the summary-judgment briefing other than the theory that the fiduciary-duty counterclaim was not dismissed and triggered coverage under the policies. Because

---

[4] In the coverage action and in this court, Appellants also argued that the dismissal was ineffective because Colorado Rule 41(a)(1) allows only for voluntary dismissal of entire actions, not of individual claims. They could have raised this argument in the underlying action, either when Gregory filed the notice of dismissal or in David Webb's motion for clarity. No procedural impediment prevented them from raising the issue in that proceeding, so their failure to do so does not change our full-and-fair-opportunity-to-litigate analysis. *See Bebo*, 990 P.2d at 87; *see also Jones v. United States*, 466 F.2d 131, 136 (10th Cir. 1972) (holding that where a party did not effectively present its case in the first proceeding, "affording [that party] a second opportunity in which to litigate the matter, with the benefit of hindsight, would contravene the very principles upon which collateral estoppel is based and should not be allowed").

issue preclusion bars relitigation of that dispositive issue, the district court correctly concluded that State Farm was entitled to a declaratory judgment of non-coverage as a matter of law. The court also correctly concluded State Farm was entitled to summary judgment on Appellants' counterclaims against State Farm for breach of contract and common-law and statutory bad faith. All of these counterclaims rested on the allegation that State Farm unreasonably denied coverage under the policies. *See New Hampshire Ins. Co. v. TSG Ski & Golf, LLC*, 128 F.4th 1337, 1352 (10th Cir. 2025) (holding insurers owed no duty of defense or indemnification and affirming summary judgment for insurer on breach of contract and bad faith counterclaims "since those claims flow from the denial of coverage and must fail" given that coverage "was properly denied" (internal quotation marks omitted)).

Having upheld the judgment on preclusion grounds, we need not consider State Farm's arguments regarding alternative grounds for affirmance or Appellants' other attacks on the judgment.

### IV.    CONCLUSION

The judgment is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

13